**Johnnie Hooper ADDISON, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–88–165–CR.**

Court of Appeals of Texas,
Fort Worth.

June 21, 1990.

Hardy Burke, Denton, for appellant.

Jerry Cobb, Criminal Dist. Atty., Lee Gabriel, Gwinde Burns, Asst. Criminal Dist.
Attys., for State.

Before HILL, LATTIMORE and
MEYERS, JJ.

OPINION

LATTIMORE, Justice.

Appellant, Johnnie Hooper Addison, was
indicted for the offense of aggravated sexual assault. *See* TEX.PENAL CODE
ANN. § 22.021 (Vernon 1989). Trial was
to a jury which returned a verdict of guilty
and assessed punishment at life imprisonment in the Texas Department of Corrections.[1]

We affirm.

Appellant brings error on the basis of
the trial court's admission of the State's
exhibits which were seized from his home.
The facts regarding this issue are not in
dispute.

In the record appears a consent form
authorizing the police to search appellant's
residence. The search was authorized by
appellant's wife. Appellant's point of error
is precariously poised on his contention
that because his wife was residing at a
shelter and not residing at the residence,
this somehow removed her access to and
control of the premises. In support of his
contention appellant draws to our attention
*Paulus v. State,* 633 S.W.2d 827 (Tex.Crim.
App. [Panel Op.] 1981); *Martin v. State,*
610 S.W.2d 491 (Tex.Crim.App. [Panel Op.]
1980); and *Swink v. State,* 617 S.W.2d 203
(Tex.Crim.App. [Panel Op.] 1981).

While we do not necessarily disagree
with appellant's general statement of the
law with regard to consent searches and
the authority to grant a consent search, we
find appellant's contention unsupported by
the record, authority, or logic.

1. Now the Texas Department of Criminal Justice, Institutional Division.

The record reflects that Mary Addison met the police officer outside the residence at approximately 7:00 a.m. She had previously signed the consent form and, on the morning in question, admitted the officers to the residence to conduct their search.

■ It is uncontroverted that persons who have equal access to and control over a premises have the authority to authorize its search. *Swink*, 617 S.W.2d at 203; *May v. State*, 618 S.W.2d 333, 344–45 (Tex.Crim. App.1981) (en banc); *Johnson v. State*, 651 S.W.2d 303, 311 (Tex.App.—San Antonio 1983, no writ). We find nothing in the record which would indicate that Mary Addison did not have equal access to and control over the residence. To the contrary, the record indicates that Mary Addison resided with appellant and their two children at the residence in question, and only left there a few days prior to the search. At the time of the search Mary Addison and the two children were temporarily located at a shelter. We think the record shows, based upon a totality of the evidence, that Mary Addison's consent was freely and voluntarily given. We find this particularly true in light of the fact that after she had signed the consent form, she then later met the police officers at the residence in order to admit them to the premises.

Even if her consent were, in fact, invalid we hold, beyond a reasonable doubt, that the introduction of this evidence made no contribution to the conviction or to the punishment. *See* TEX.R.APP.P. 81(b)(2). The record reflects that the property taken from the house consisted of two books and two eight millimeter films. In light of the testimony of the victim herself, which establishes every element of the State's cause of action, the State did not require the admission of these exhibits to obtain a conviction.

Appellant's point of error is overruled.

The judgment of the trial court is affirmed.